**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 3, 2009

Charles R. Fulbruge III
Clerk

No. 06-41053
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ERNEST GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-70-2

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Ernest Gonzalez appeals his guilty plea conviction for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Gonzalez contends that the district court abused its discretion when it denied his motion to withdraw his guilty plea.

This court reviews the denial of a motion to withdraw for abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). There is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a "fair and just reason" for withdrawal. *Id.* In determining whether the defendant has met this standard, this court reviews seven factors: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing the withdrawal motion; (4) whether withdrawal would inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). In applying these factors, courts are to consider the totality of the circumstances. *Id.* at 344.

Given the absence of a credible assertion of innocence, the delay in filing the motion, the possible inconvenience and waste of judicial resources, Gonzalez's statements at the rearraignment hearing, and the totality of the circumstances, the district court did not abuse its discretion when it denied Gonzalez's motion to withdraw his guilty plea. *See id.* at 343-44. Accordingly, the district court's judgment is AFFIRMED.